Filed 1/14/15  P. v. James CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAWAD LATIF JAMES,<br><br>    Defendant and Appellant. | B254826<br><br>(Los Angeles County<br>Super. Ct. No. BA115617) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Jonathan B. Steiner and Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent

Sixteen years after the unsuccessful appeal of his first degree murder conviction, appellant Jawad Latif James filed a "Motion for Modification of Sentence Pursuant to Penal Code § 1202.4(b)," challenging the $10,000 restitution fine imposed upon him in 1997. The trial court denied James' motion, and he timely appealed. His court-appointed counsel filed an opening brief raising no issues. (See *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) Following *People v. Serrano* (2012) 211 Cal.App.4th 496, 503, review den. Mar. 13, 2013 (*Serrano*), we conclude that "[w]here a defendant has been afforded all the constitutional protections of a first appeal of right, including the right to *Wende* review where appropriate, . . . he is not entitled to *Anders* [*v. California* (1967) 386 U.S. 738]/*Wende* procedures, including collateral attacks on the judgment." Nonetheless, because James has filed a supplemental brief with this court, we address the issues he raises. We find that the trial court did not err, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 1997, James was convicted of first degree murder during the attempted commission of a robbery (Pen. Code, §§ 187, & 190.2, subd. (a)(17); count 1),[1] attempted robbery (§§ 664/211; count 2), and assault with a firearm (§245, subd. (a)(2); count 3), during which offenses a principal was armed with a firearm (§ 12022, subd. (a)(1)). He was sentenced to prison for life without the possibility of parole on count 1, plus a three-year middle term on count 3, and one year each for the principal armed enhancement on count 1 and count 3. The court also imposed a $10,000 restitution fine pursuant to section 1202.4. James did not make any objection to the fine at his sentencing hearing.

James appealed his judgment of conviction, and in December 1997 this court affirmed. James also filed a petition for rehearing, which this court denied. James then petitioned the California Supreme Court for review, and in April 1998 the Court denied James' petition.

On December 23, 2013, James filed a motion to modify his sentence, seeking to reduce his restitution fine. James contended that the trial court erred in imposing the

---

[1] All further statutory references are to the Penal Code.

2

$10,000 maximum under section 1202.4 without considering his ability to pay the fine. He argued that, in light of the rates of pay for work performed by prison inmates, it is impossible for him to pay a $10,000 fine from his wages during his lifetime. Accordingly, James requested a reduction of his fine to $200, the minimum under section 1202.4. In January 2014, the court denied James' motion on the ground that the section 1202.4 restitution fund fine "is not dependent on defendant's ability to pay." James timely appealed.

Counsel appointed to represent James on appeal reviewed the record, filed an opening brief which raised no issues, and requested that this court conduct an independent review of the record. (See *Wende, supra,* 25 Cal.3d at p. 441.)

We directed counsel to send the record on appeal and a copy of the opening brief to James. We also advised James that he had 30 days in which to "submit by brief or letter any grounds of appeal, contentions, or argument which appellant wishes this court to consider." James responded by letter, contending that the order of restitution constitutes cruel and unusual punishment in violation of his rights under the Eighth Amendment because he will never be able to pay off the fine. He further contended that the fine was "not in the spirit of the law" because a portion of the funds James' family and friends gift to him are deducted and applied to the fine, forcing them to pay it.

**DISCUSSION**

**A. James Is Not Entitled to *Wende* Review**

James' appointed counsel filed a no-issue brief and requested that this court "independently review the entire record on appeal for arguable issues" pursuant to *Wende*. The *Wende* procedure was designed to protect indigent criminal defendants' federal constitutional right to effective assistance of counsel in the first appeal of right from their convictions. (*People v. Kelly* (2006) 40 Cal.4th 106, 118; see also *Serrano, supra,* 211 Cal.App.4th at p. 500; *Wende, supra,* 25 Cal.3d at pp. 441–442.) Our Supreme Court—and, ultimately, the United States Supreme Court (see *Smith v. Robbins* (2000) 528 U.S. 259, 276)—determined that the *Wende* requirement that the appellate court undertake a complete review of the record when counsel is unable to identify any

3

arguable issue on appeal adequately implements the mandates of *Anders v. California* (1967) 386 U.S. 738, in first appeals of right.  (*Serrano, supra,* 211 Cal.App.4th at p. 500; *People v. Kelly, supra,* 40 Cal.4th at p. 119.)

"Both the United States Supreme Court and the California Supreme Court have concluded that due process does not require *Anders/Wende* review other than in the first appeal of right from a criminal conviction."  (*Serrano, supra,* 211 Cal.App.4th at p. 500, citing *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 (*Finley*), and *In re Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536–537.)  In *Finley,* the United States Supreme Court ruled that the federal constitutional "right to appointed counsel extends to the first appeal of right, and no further."  (*Finley, supra,* 481 U.S. at p. 555.)  Accordingly, the Court reasoned, "access to a lawyer is the result of the State's decision, not the command of the United States Constitution."  (*Id.* at p. 556.)  And since *Anders* (and *Wende*) primarily are concerned with ensuring the right to effective counsel, a defendant who "has no underlying constitutional right to appointed counsel . . . has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right."  (*Id.* at p. 557.)  The California Supreme Court has relied on *Finley* to hold that "[t]he independent judicial review mandated by *Anders* . . . applies only to a defendant's first appeal as of right."  (*People v. Kelly, supra,* 40 Cal.4th at p. 119.)

The instant case is not a first appeal of right.  Although it "originat[ed] in a criminal context, [it] is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction."  (*Serrano, supra,* 211 Cal.App.4th at p. 501.)  "While the State of California affords defendant the right to appointed counsel in an appeal from a postconviction motion to vacate judgment, that right is a state created right, not a constitutional one."  (*Ibid.*; see also *Finley, supra,* 481 U.S. at pp. 555–556.)  And because James lacks a federal constitutional right to counsel for his similarly aimed "Motion for Modification of Sentence Pursuant to Penal Code § 1202.4(b)," "he is not entitled to *Anders/Wende* review when appointed counsel finds no arguable issues on appeal."  (*Serrano, supra,* 211 Cal.App.4th at p. 501.)

4

Thus, after his appointed counsel failed to discern any arguable issues, she was obligated only to "(1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting forth the applicable facts and the law." (*Ben C., supra*, 40 Cal.4th at p. 544; *Serrano, supra*, 211 Cal.App.4th at p. 503.) Here, as in *Serrano*, the *Wende* brief filed by counsel fulfills her obligations. (See *Serrano, supra,* 211 Cal.App.4th at p. 503.)

"Upon receipt of the brief from counsel, the court will inform defendant of his right to file a supplemental brief. The court will then either retain the appeal or dismiss it on our motion." (*Serrano, supra,* 211 Cal.App.4th at p. 503.) Here, unlike the appellant in *Serrano*, James filed a supplemental brief in the form of a letter. Accordingly, while James is not entitled to *Wende* review, we do address the issue that James raises in this appeal.

**B.      The Court Did Not Err in Denying Defendant's Motion**

James contends that the court erred by failing to take into consideration his ability to pay when imposing the $10,000 victim restitution fine. We find no error.

First, James forfeited this claim by failing to object at his sentencing hearing. (*People v. Nelson* (2011) 51 Cal.4th 198, 227 (*Nelson*); *People v. Gamache* (2010) 48 Cal.4th 347, 409 (*Gamache*).) Just as it does now, at the time of his 1995 crime and his 1997 sentencing, section 1202.4, subdivision (d), called for the court to consider a defendant's ability to pay--among many other factors--in setting a restitution fine. James could have objected at the time if he believed inadequate consideration was being given to this factor. (*Ibid.*)

Second, James' claim fails on the merits. In 1995 and 1997, as it does today, section 1202.4, subdivision (d), placed the burden of demonstrating inability to pay on the defendant. But James "'points to no evidence in the record supporting his inability to pay, beyond the bare fact of his impending incarceration. Nor does he identify anything in the record indicating the trial court breached its duty to consider his ability to pay; as the trial court was not obligated to make express findings concerning his ability to pay, the absence of any findings does not demonstrate it failed to consider this factor. Thus,

we cannot say on this record that the trial court abused its discretion.' (*Gamache, supra*, 48 Cal.4th at p. 409.)" (*Nelson*, *supra*, 51 Cal.4th at p. 227.)

James' contention that his fine violates his Eighth Amendment right to be free from cruel and unusual punishment is belied by our Supreme Court's repeated affirmance of maximum restitution fines under substantially similar circumstances. (*Nelson*, *supra*, 51 Cal.4th at p. 227; *Gamache, supra*, 48 Cal.4th at p. 409.) And contrary to James' contention, the fact that a portion of the monetary gifts he receives from friends and family is deducted and applied to his fine is not inconsistent with the spirit of the law. Rather, it is in complete compliance with the law governing prisoner repayment of restitution fines, which does not distinguish between deductions from the wages and trust account deposits of a prisoner. (Pen. Code, § 2085.5, subd. (a).) In fact, that James receives occasional monetary gifts actually indicates that he has and may continue to have funds from which restitution could be paid. (See *People v. Lewis* (2009) 46 Cal.4th 1255, 1321.)

## DISPOSITION

The order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



WILLHITE, Acting P. J.



MANELLA, J.


6